**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIMOTHY SHELLEY, *Plaintiff*, v. LINDEN HIGH SCHOOL AND LINDEN PUBLIC SCHOOLS, *Defendants*. | Civil Action No. 19-20907 (JMV) (MF)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter arises from Plaintiff's allegations that he was assaulted, battered, and falsely imprisoned while attending a one-week long soccer camp during the summers of 1976, 1977, and 1978. Presently before the Court is a motion to dismiss Plaintiff's Complaint brought by Defendants Linden High School and Linden Public School (the "Schools"). The Court reviewed all the submissions in support and in opposition[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed below, the motion to dismiss is **GRANTED**.

---

[1] Defendants' brief in support of their motion is referred to as "Defs' Br.," D.E. 17-1; and Plaintiff's brief in opposition is referred to as "Pl. Opp'n."

I.      **Factual Background**[2] **& Procedural History**

*Pro se* Plaintiff Timothy Shelley alleges that during the summers of 1976, 1977, and 1978, he attended a one-week-long soccer camp run by the Westfield Area YMCA. Compl. 4.[3] During these summers, he was six, seven, and eight years old, respectively. *Id.* The camp was hosted "on the premises of Defendant, Linden High School, which is part of the school district of Defendant, Linden Public Schools." *Id.*

While attending the week-long soccer camps, Plaintiff alleges he was "assaulted and battered by employees and agents of Defendants, including a man called Gene, who gave him drugs, made him watch pornographic films, and forced him to masturbate." *Id.* Plaintiff further alleges that he was held against his will while the assault and battery occurred. *Id.* Additionally, "Defendants drugged, hypnotized, and traumatized Plaintiff," in an effort to "block[] his memory of the assaults" so that Defendants could "evade criminal and civil liability." *Id.* As a result, "Plaintiff did not realize, and he could not have discovered, the wrongs done to him until 2018." *Id.* Plaintiff alleges that he suffered "severe emotional distress, which has affected his sex life and his ability to function." *Id.*

Plaintiff filed a Complaint on November 27, 2019 against the Schools and the Westfield Area YMCA.[4] D.E. 1. The Complaint asserts the following claims: (1) assault and battery; (2)

---

[2] The factual background is taken from the Complaint, D.E. 1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The Complaint is referenced by page number because it does not include numbered paragraphs.

[4] On April 13, 2020, the claims against Defendant Westfield Area YMCA were dismissed with prejudice. D.E. 19. Plaintiff agreed to a stipulation of dismissal as to the Westfield Area YMCA after learning in a deposition that Linden, New Jersey was served by the Rahway YMCA, not the Westfield Area YMCA. Pl's Opp'n 2.

false imprisonment; (3) negligence; and (4) intentional infliction of emotional distress. Plaintiff's Complaint also invokes the doctrine of equitable tolling. The Schools filed the present motion to dismiss on April 2, 2020. D.E. 17.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, courts must separate the factual and legal elements. *Fowler*, 578 F.3d 203, 210 (3d Cir. 2009). While restatements of the elements of a claim are legal conclusions and are not entitled to a presumption of truth, *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011), the Court "must accept all of the complaint's well-pleaded facts as true," *Fowler*, 578 F.3d at 210. However, "[e]ven if plausibly pled . . . a complaint will not withstand a motion to dismiss if the facts alleged do not state 'a legally cognizable cause of action.'" *Rogers v. New Jersey*, 2017 U.S. Dist. LEXIS 111213, *3 (D.N.J. July 18, 2017) (quoting *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 U.S. Dist. LEXIS 185621, at *2 (D.N.J. Jan. 23, 2015)).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court,

3

however, need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  *Pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. Analysis

This case is before the Court on diversity jurisdiction, 28 U.S.C. § 1332.  The Court, therefore, evaluates Plaintiff's tort claims under "the substantive law of the state whose laws govern the action." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 378 (3d Cir. 1990) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  The alleged tortious conduct occurred in New Jersey and the parties appear to assume that New Jersey substantive law applies to this case.  Seeing no clear reason to deviate from the parties' assumptions, the Court will apply New Jersey law. *See Manley Toys, Ltd. v. Toys "R" Us, Inc.*, No. 12-3072, 2013 U.S. Dist. LEXIS, at *5 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the . . . claims as though New Jersey substantive law applies, the Court will assume that to be the case." (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999))).

#### A. Negligence

The Schools move to dismiss Plaintiff's negligence claim and argue that the Complaint fails to support a reasonable inference that the Schools were negligent. Defs' Br. 4.  "The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." *Shields v. Ramslee Motors*, 223 A.3d 172, 176 (N.J. 2020) (quoting *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014)).

4

The Complaint does not allege the theory under which Plaintiff's negligence claim is brought – it merely alleges that "Defendants had a duty to protect Plaintiff, which they breached when they allowed him to be assaulted and battered on their premises or in their care." Compl. 4. Such restatements of the elements of a negligence claim "are legal conclusions and are not entitled to a presumption of truth." *Burtch*, 662 F.3d at 224. The Complaint does not include factual allegations as to what duty the Schools owed Plaintiff and how the Schools breached that duty.

Plaintiff's opposition brief responds to the Schools' argument that the duty of care in this case should be ascertained by premises liability. Plaintiff submits that New Jersey law does not look exclusively to the status of the injured party and, instead, looks to fairness and public policy to determine the scope of duty owed by a landowner. Pl's Opp'n 6-8. Plaintiff also argues that if the Schools' duty is rooted in premises liability, "discovery may determine that Plaintiff was an invitee." *Id.* 9-10. Plaintiff further contends that if he was an invitee, the Schools had a duty to "make some sort of reasonable inspection to ensure children were not sexually abused" at the soccer camp. *Id.* 10-11.

Although Plaintiff's opposition brief includes arguments concerning the basis through which Defendants may have owed Plaintiff a duty, the Court cannot consider these arguments on a motion to dismiss. "[I]t is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Olson v. Ako*, 724 Fed. App'x 160, 166 (3d Cir. 2018) (quoting *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)), and Plaintiff's Complaint does not include factual allegations to support these theories under which the Schools may have owed him a duty. Because the Complaint fails to include sufficient factual allegations as to the Schools' negligence, the Court dismisses Plaintiff's negligence claim without prejudice.

### B. Assault and Battery, False Imprisonment, and Intentional Infliction of Emotional Distress

The Schools move to dismiss Plaintiff's remaining claims – assault and battery, false imprisonment, and intentional infliction of emotional distress – on the grounds that "[e]ach of these claims necessarily requires actual action against or adverse intent towards the person of another," and "[t]he Complaint contains no factual assertions whatsoever that would fulfill" the required elements of these claims. Defs' Br. 5-6. Further, the Schools argue that "the language used by Plaintiff's negligence claim makes clear Plaintiff's own understanding that the YMCA, not the Schools, was charged with his care during the soccer camps" and, as a result, "only the YMCA and not the Schools could have acted against Plaintiff in manners that fulfill the required elements of these claims." *Id.* at 6-7.

As to the claim for assault, "[a] person is subject to liability for the common law tort of assault if: '(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension.'" *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1117 (N.J. 2009) (quoting *Wigginton v. Servidio*, 734 A.2d 798, 806 (N.J. Super. Ct. App. Div. 1999)). "The tort of battery rests upon a nonconsensual touching." *Id.*

The Complaint alleges in a conclusory fashion that "Plaintiff was assaulted and battered by employees and agents of Defendants."[5] Compl. 4. Plaintiff adds that "a man called Gene . . . gave him drugs, made him watch pornographic films, and forced him to masturbate." *Id.* Absent from the Complaint are sufficient factual allegations to plausibly support a claim for either assault

---

[5] The Court notes that Linden High School and Linden Public Schools are not persons who could commit an assault or battery – these Defendants can act only through their employees or agents. The Schools do not contest the plausibility of the allegations as to their agents or employees, and the Court declines to address the issue *sua sponte*.

or battery against the Schools. The torts of assault and battery both include an element of contact or touching – with assault, a plaintiff must demonstrate that he feared an imminent offensive contact, and with battery, a plaintiff must allege that there was, in fact, an offensive contact. *See Leang*, 979 A.2d at 1117. The Complaint does not allege that the Schools touched or contacted Plaintiff, nor does it allege that the Schools attempted to touch Plaintiff or that Plaintiff feared an imminent harmful or offensive touch. The Complaint only alleges that the Schools forced Plaintiff to touch himself; however, the Court could not find any cases that extended the torts of assault or battery to such a scenario. And Plaintiff does not cite to any relevant authority. Because the Complaint does not raise any allegations to support an inference that the Schools touched Plaintiff, or that Plaintiff was aware of an imminent offensive contact based on the Schools' actions, Plaintiff has failed to plausibly allege assault and battery. These claims are dismissed.

Turning to false imprisonment, a plaintiff must allege "(1) 'an arrest or detention of the person against his or her will' and (2) 'lack of proper legal authority or legal justification.'" *Leang*, 969 A.2d at 1117 (quoting *Mesgleski v. Oraboni*, 748 A.3d 1130, 1138 (N.J. Super. Ct. App. Div. 2000)). Plaintiff's Complaint only states that "Defendants held Plaintiff against his will when they assaulted and battered him."[6] Compl. 4. Plaintiff's conclusory assertion fails to plausibly state a claim for false imprisonment and the Court dismisses this claim.

Finally, to prevail on a claim for intentional infliction of emotional distress, "the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Leang*, 969 A.2d at 1115 (quoting *Tarr v. Ciasulli*, 853 A.2d 921, 924 (N.J. 2004)).

---

[6] False imprisonment, like assault and battery, is a tort that the Schools cannot commit because they are not persons. The Schools can only be liable through the actions of their employees or agents; however, Defendants do not attack the plausibility of Plaintiff's claim on this ground, and the Court declines to address it *sua sponte*.

7

In the Complaint, Plaintiff alleges that "Defendants' intentional or reckless and outrageous and intolerable conduct" caused him emotional distress and that it has impacted "his sex life and his ability to function." These conclusory allegations fall short of plausibly stating a claim – Plaintiff fails to include any facts to support the elements of this tort. While Plaintiff does allege that Defendants engaged in activities like giving Plaintiff drugs and forcing him to masturbate, the Complaint does not sufficiently allege the specific acts in which the Schools engaged. The Court dismisses Plaintiff's intentional infliction of emotional distress claim.[7]

### IV.  Conclusion

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** and Plaintiff's claims are dismissed without prejudice. Plaintiff has thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not, then this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: November 2, 2020

                                                                                      _____
                                                                            John Michael Vazquez, U.S.D.J.

---

[7] The Court notes that the Schools do not challenge the Complaint as an impermissible group pleading and, therefore, the Court will not address this issue *sua sponte*.